Matter of Watson (2020 NY Slip Op 06835)





Matter of Watson


2020 NY Slip Op 06835


Decided on November 19, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

PM-153-20

[*1]In the Matter of David John Watson, a Suspended Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; David John Watson, Respondent. (Attorney Registration No. 2597631.)

Calendar Date: October 13, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Devine and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Capasso & Associates LLC, Schenectady (Vincent Capasso Jr. of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 1994 and previously maintained a law office in the City of Albany. He was suspended from the practice of law for a two-year term, however, by October 2014 order of this Court, upon sustained allegations that he had, among other things, engaged in a conflict of interest during his representation of an elderly and vulnerable relative of his former life partner (121 AD3d 1158 [2014]). Respondent now applies for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner does not oppose the motion. Nonetheless, upon this Court's initial review, we referred the application to a subcommittee of the Committee on Character and Fitness for a hearing and report pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (a) (5). Respondent appeared before the subcommittee in July 2020, and the subcommittee issued a report in September 2020 unanimously recommending that respondent's application for reinstatement be denied at this time. Respondent thereafter submitted correspondence in response to the subcommittee's recommendation.
Initially, we find that respondent has met his threshold burden through his submission of the required documentation in support of his application, including proof that he has successfully completed the Multistate Professional Responsibility Examination within one year preceding his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C). Nevertheless, upon our review of, among other things, respondent's testimony before the subcommittee and its recommendation, we conclude that respondent has not shown by clear and convincing evidence that he possesses the requisite character and general fitness to resume the practice of law in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Lacking this requisite showing, respondent's application for reinstatement is fatally flawed and must be denied (see Matter of Canton, 174 AD3d 1281, 1282 [2019]; Matter of Oswald, 135 AD3d 1154, 1154 [2016]; Matter of Koziol, 134 AD3d 1298, 1299 [2015], appeal dismissed 26 NY3d 1136 [2016]).
Garry, P.J., Egan Jr., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that respondent's application for reinstatement is denied.